IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CASE NUMBER 4:17-CV-01246-RBH

| Paul Hudacko, | |
| --- | --- |
| Plaintiffs, | |
| v. | **CONSENT PROTECTIVE ORDER** |
| Jesse Reffett and Cowabunga Three, Inc. d/b/a Domino's Pizza, | |
| Defendants. | |

Upon Stipulation of Plaintiff and Defendant Cowabunga Three, Inc. (hereinafter Cowabunga) and Defendant Reffett and for good cause shown it is hereby ordered,

1. The following documents and things, to the extent these items exist and are available, are designated as confidential and subject to this Consent Protective Order:

    **Personnel file of Jesse Reffett (Cowabunga 003-0033)**;

    **Driver Accident Reporting Kit (Cowabunga 0035-0036)**;

    **Payroll detail (Cowabunga 0037-0038)**;

    **Delivery times (Cowabunga 0039)**;

    **Delivery Expert Certification (Cowabunga 040)**;

    **Sterling Standard Drug Screening (Cowabunga 0041-0042)**;

    **Cowabunga, Inc. Cowabunga Three, Inc. New Employee Handbook (Updated 6/14/12)  (Cowabunga 0043 – 0084).**

    2.      The Defendant Cowabunga shall designate material as confidential by marking on the document containing confidential material (**CONFIDENTIAL**).

    3.      The documentation subject to this protective order shall be disclosed only to the parties, the counsel of record, the associates, the secretaries and paralegal assistants of such counsel, the persons retained by counsel or the parties as experts, to other persons whose assistance is required by counsel in conducting this litigation, the court and court personnel for any purpose that the court finds necessary, and jurors at trial as necessary for trial purposes; provided that any confidential documents and information may be disclosed to experts and other persons whose assistance is required by counsel in conducting this litigation, upon signing, prior to such disclosure, an Affidavit in the form attached hereto as

Exhibit A by the person or persons to whom they are to be disclosed, which Affidavit shall be filed with the Clerk of this Court upon the termination of the litigation.

   4.   No person entitled to protective documents or information shall disclose the contents of such materials with any other individual, except those individuals who are also permitted to view, inspect or examine the materials produced under the terms of this Order.

   5.   The documents and information produced by Defendant Cowabunga pursuant to the terms of this order shall be used for the sole and limited purpose of preparation for and trial of this action and shall not be used for any other purpose.

   6.   In the event that any confidential materials are included with or the contents thereof are in any way disclosed in any pleading, motion or other paper filed with the Clerk of this Court, such documents shall be filed under seal in an envelope endorsed with the title of this action and marked as (**"CONFIDENTIAL".**)

   7.   To the extent the discovery responses, a transcript of any deposition or exhibit thereto, incorporates confidential material, such transcript or discovery response shall be subject to the terms of this protective Order.

   8.   Plaintiffs may challenge the designation of confidentiality of any document or information marked confidential pursuant to this order. Plaintiffs shall notify Defendant Cowabunga of the challenge in writing, providing the reasons why the Plaintiffs do not believe the documents or information should be deemed confidential. Defendant Cowabunga will respond in writing within fifteen days. If the parties are unable to resolve the issue themselves, Plaintiff may move the court for an Order Removing the Protection established by the court in whole or in part. All documents, testimony or other materials designated by Defendant Cowabunga as confidential, however, shall retain their confidential status until such time as the parties contentions regarding the confidentiality of documents so designated or the rescission of this order are fully and finally adjudicated by this court.

   9.   Within thirty days after the conclusion of all aspects of this litigation by settlement, dismissal, verdict, or other disposition, including any appeals, all copies of the confidential documents together with any extracts or summaries thereof, in the actual or constructive custody of Plaintiffs shall be returned to Cowabunga or their own counsel. Upon return of the documents as outlined in this paragraph, Plaintiffs shall certify in writing that all documents in their possession, custody and or control covered by this Protective Order have been returned to Defendant Cowabunga or its counsel. Each person who reviews or inspects confidential documents or materials subject to this Protective Order shall be brought within personal jurisdiction of this court, including its contempt power.

   10.   This Protective Order may be modified only by written Stipulation signed by the Attorneys of record/or by further Order of the Court upon application to the Court, with proper notice.

AND IT IS SO ORDERED.

October 3, 2017　　　　　　　　　　　　s/ R. Bryan Harwell
Florence, South Carolina　　　　　　　　R. Bryan Harwell
　　　　　　　　　　　　　　　　　　　United States District Judge


AGREED & STIPULATED BY:　　　　　AGREED & STIPULATED BY:

*s/John M. Grantland*　　　　　　　　　*s/Robert R. Sansbury*
John M. Grantland, Esq (Fed ID 06462)　Robert R. Sansbury, Esq. (Fed ID 10621)
Alice Price Adams, Esq (Fed ID 06326)　Sansbury Law Firm, LLC
Murphy & Grantland, PA.　　　　　　　2411 N. Oak St., Suite 305E
P.O. Box 6648　　　　　　　　　　　　Myrtle Beach, SC 29577
Columbia, SC 29260　　　　　　　　　*Attorney for Plaintiff*
*Attorneys for Defendant Cowabunga*
*Three, Inc. d/b/a Domino's Pizza*

AGREED & STIPULATED BY:

*s/Matthew N. Tyler*
Matthew N. Tyler, Esq (Fed ID #5190)
P.O. Box Drawer 1931
Florence, SC 29503
*Attorney for Defendant Jesse Reffett*